NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3307

METOFF D. ATTMORE,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  January 12, 2006

_____

Before NEWMAN, BRYSON, and PROST, Circuit Judges.

PER CURIAM.

The petitioner, Metoff D. Attmore, asks this court to review the final decision of the Merit Systems Protection Board (the "MSPB" or "Board") denying his request for reconsideration of the Office of Personnel Management ("OPM") decision to adjust his retirement benefits to reflect his receipt of Social Security disability benefits and requiring him to repay $9,636.00 in disability benefits that he received in error.  Attmore v. Office of Pers. Mgmt., Docket No. DC0845040465-I-1 (M.S.P.B. Aug. 18, 2004) ("Initial Decision"), (M.S.P.B. July 21, 2005) ("Final Decision").  Because the Board's decision was not arbitrary, capricious, an abuse of discretion, otherwise not in accordance with the law, or unsupported by substantial evidence, we affirm.

BACKGROUND

By letter dated August 26, 2003, OPM informed Mr. Attmore that his retirement annuity under the Federal Employees' Retirement System ("FERS") would be adjusted due to his entitlement to Social Security benefits effective October 1, 2002. The letter also stated that he had received an overpayment of benefits for the period from October 1, 2002 through August 20, 2003, and that OPM would recover the overpayment in monthly installments which would be deducted from the benefits he would have otherwise received. OPM attached a form to the letter that contained the standard instructions for requesting reconsideration or waiver and setting forth the time limit for such requests. Part 1 of the form explicitly stated that requests for reconsideration or waiver had to be made by October 2, 2003. Additionally, the form stated that such a request must be postmarked or hand-delivered within thirty calendar days of the date of the letter. It also explained that the time limit could only be extended if the appellant showed that he was not aware of the time limit, or circumstances beyond his control prevented him from responding within the time limit.

In a submission to OPM dated and postmarked March 9, 2004, Mr. Attmore requested a waiver of the adjustment based upon what he characterized as "dire hardship." Mr. Attmore did not explain why he was submitting his request after October 2, 2003. OPM denied his request for a waiver because it was untimely.

In an appeal to the MSPB, dated April 4, 2004, Mr. Attmore urged the Board to reverse OPM's decision because while he initially felt he could repay the overpayment, he had additional unexpected medical bills that he could not pay. Mr. Attmore stated that his request was untimely because he was functioning in a diminished capacity due

to low oxygen levels and that he was hospitalized for a lung biopsy from March 31 through April 8, 2003.

At a prehearing conference, the administrative judge explained to Mr. Attmore that he had to show that he was medically incapacitated during the relevant time period for filing his appeal, i.e. August 26 through the end of September 2003. The administrative judge held a hearing and determined that Mr. Attmore had not "provided sufficient evidence to corroborate his bare statement" that "he was ill with pulmonary disease through this time period." Initial Decision, slip op. at 3. The administrative judge found that Mr. Attmore did not describe or remember his condition during the time period at issue and that he had failed to show that circumstances beyond his control prevented him from filing his request for reconsideration on time. The administrative judge affirmed OPM's decision, finding that OPM did not abuse its discretion or act unreasonably in declining to extend the time limit for Mr. Attmore's filing. The full Board denied review, thus making the administrative judge's decision the final decision of the Board.

Mr. Attmore timely appealed the Board's decision to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must set aside any Board decisions that are:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
(2) obtained without procedures required by law, rule, or regulation having been followed; or
(3) unsupported by substantial evidence.

5 U.S.C. § 7703(c) (2004).   Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   Consol. Edison Co. v. NLRB, 305 U.S. 197 (1938).

On appeal, Mr. Attmore alleges that the MSPB failed to take account of the facts in the case and applied the wrong law.

OPM has discretion to extend the time limit for filing a request for reconsideration "when the individual shows that [he] was not notified of the time limit and was not otherwise aware of it, or that [he] was prevented by circumstances beyond [his] control from making the request within the time limit."   5 C.F.R. § 831.109(e)(2) (1990); see Azarkhish v. Office Pers. Mgmt., 915 F.2d 675, 677 (Fed. Cir. 1990).   Mr. Attmore does not assert that he was unaware of the time limit for filing the request for reconsideration. Rather, he argues that the MSPB failed to take account of the facts in his case. Presumably, the facts to which Mr. Attmore alludes are his hospitalization from March 31 through April 8, 2003 and his assertion that he was functioning in a diminished capacity due to low oxygen levels.   Thus, Mr. Attmore appears to argue the second prong of 5 C.F.R. § 831.109(e)(2), i.e. that he was prevented by circumstances beyond his control from making the request within the time limit.

The Board found that Mr. Attmore failed to provide sufficient evidence to corroborate his bare statement that he was ill with pulmonary disease throughout the time period at issue.  Thus, he failed to satisfy his burden of showing that circumstances beyond his control prevented him from filing his request for reconsideration during the relevant time period.  Based on the lack of evidence presented by Mr. Attmore on that

issue, we cannot say that the MSPB abused its discretion in declining to extend the time period for him to file a request for reconsideration.

Additionally, Mr. Attmore asserts that the MSPB should have applied entirely different provisions, specifically, "Part 1614 – Federal Sector Equal Opportunity Act of 1999[,] Civil Right Act (42 USC 2000 et seq)[,] Agency Program § 1614.102(8), The Rehabilitation Act (29 USC 791 et seq)[, and] § 1614.203." Mr. Attmore, however, fails to suggest the relevance of these provisions to the issue before us. Moreover, he does not argue that we should ignore the applicable regulations and our prior rulings. Because we do not see the relevance of the provisions asserted by Mr. Attmore to the procedural posture of this case and because we are bound to follow the statutory and regulatory provisions that apply to this case, Mr. Attmore's arguments to the contrary are unconvincing.

## CONCLUSION

The findings of the Board regarding Mr. Attmore's request for reconsideration and waiver of repayment were not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. Furthermore, the Board's finding was supported by substantial evidence. Given our standard of review, we cannot set aside the Board's decision. Accordingly, the MSPB's denial of Mr. Attmore's request for reconsideration is affirmed.